IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROSPECT CAPITAL MANAGEMENT L.P., | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) ) C.A. No. 22-mc-89-JLH-CJB ) |
| STRATERA HOLDINGS, LLC and DESTRA CAPITAL MANAGERS LLC, | ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM ORDER

At Wilmington, this 5th day of November, 2024,

WHEREAS, Magistrate Judge Burke, after "spen[ding] a significant amount of time and resources in an effort to understand the issues at play and to address those issues in a comprehensive manner," issued a detailed, 50-page Report and Recommendation ("R&R"), which recommended denying Petitioner's Petition and Motion to Confirm Arbitration Award and Vacate Unauthorized Modifications (D.I. 1) and Petitioner's Supplemental Petition and Motion to Confirm Arbitration Award and Vacate Unauthorized Modifications (D.I. 14), and recommended granting Respondents' Motion to Enforce Arbitration Award and Counter-Petition (D.I. 31);

WHEREAS, on June 13, 2023, Petitioner objected to the R&R's reasoning and recommendations regarding the disposition of the pending motions (D.I. 47), and Respondents responded to those objections on June 28, 2023 (D.I. 49);

WHEREAS, on June 13, 2023, Respondents, "while in agreement with the Report and Recommendation's . . . ultimate recommendation that the Panel's Final Award be enforced," nevertheless objected to the R&R's rejection of certain of Respondents' alternative arguments in

1

favor of enforcement (D.I. 46), and Petitioner responded to those objections on June 28, 2023 (D.I. 50);

WHEREAS, on January 9, 2024, this matter was reassigned to the undersigned;

WHEREAS, the Court has considered all of the Objections *de novo*, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b);

NOW, THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated below, Petitioner's Objections (D.I. 47) are OVERRULED, Respondents' Objections (D.I. 46) are DISMISSED, the R&R is ADOPTED, Petitioner's Petition and Motion to Confirm Arbitration Award and Vacate Unauthorized Modifications (D.I. 1) is DENIED, Petitioner's Supplemental Petition and Motion to Confirm Arbitration Award and Vacate Unauthorized Modifications (D.I. 14) is DENIED, and Respondents' Motion to Enforce Arbitration Award and Counter-Petition (D.I. 31) is GRANTED.

1. Petitioner contends (among other things) that the Final Award should be vacated under 9 U.S.C. § 10(a)(4), and not confirmed under § 9,[1] because the arbitrators exceeded their powers by revisiting a liability decision they made earlier in the arbitration proceedings (in a decision styled "Interim Award"). Petitioner points to the *functus officio* doctrine, which is a limit on arbitrators' powers and which "bar[s] an arbitrator from revising the merits of an award once it has issued." *Verizon Pennsylvania, LLC v. Commc'ns Workers of Am., AFL-CIO, Loc. 13000*, 13 F.4th 300, 306 (3d Cir. 2021) (quoting *Office & Pro. Emps. Int'l Union, Loc. No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 331 (3d Cir. 1999)). The Third Circuit recognizes three exceptions to the application of the doctrine:

---

[1] The Federal Arbitration Act, 9 U.S.C. § 10, permits a district court to vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Section 9 says that a court should not confirm an award if it is vacated pursuant to § 10. 9 U.S.C. § 9.

2

> (1) an arbitrator "can correct a mistake which is apparent on the face of his award"; (2) "where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination"; and (3) "[w]here the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify."

*Id.* (quoting *Brownsville Gen. Hosp.*, 186 F.3d at 331). Petitioner contends that the R&R erred by, among other things, concluding that the third exception applied.

2. Assuming for purposes of the argument that the *functus officio* doctrine is still good law (which Respondents dispute) and that the R&R was correct in its conclusion that the Interim Award was "final" for purposes of applying that doctrine (which Respondents also dispute), the Court concludes that the R&R did not err in determining that the third exception would nevertheless bar the application of the *functus officio* doctrine here. Courts are not supposed to give "unflagging deference" to an arbitrator's post-hoc "clarifications" of its earlier decision. *Id.* at 309. However, "[w]here an arbitrator has actually decided an issue but the ruling is ambiguous," courts must "defer to the arbitrator's *post hoc* interpretation of his award [] if it is a rational clarification of the ambiguity." *Id.*

3. Having reviewed the arbitrators' Interim Award (D.I. 4, Ex. 3), Revised Interim Award (*id.*, Ex. 4), Order #22 (*id.*, Ex. 5), and Final Award (D.I. 15, Ex 6), the Court concludes that the arbitrators both (i) rationally concluded there was an ambiguity in the Interim Decision and (ii) rationally clarified that ambiguity. Furthermore, even if it were appropriate for this Court to decline to give any deference to the arbitrators' determination that their own Interim Award contained an ambiguity (and it is far from clear that it would be appropriate), the Court independently concludes that there was an ambiguity, for the reasons outlined in the R&R. The facts here are wholly dissimilar from *Verizon*, where it was "obvious" that the arbitrators had

3

revised an earlier decision when their later decision permitted recovery for a particular issue despite having previously "explicitly stated" in the earlier decision that recovery should be denied because that issue was already "settled." *Verizon*, 13 F.4th at 310–311. And the other cases cited by Petitioner do not support its contention that the Court can only look at the "Holding" section of the Interim Award to determine if there is an ambiguity.

4. Because, for the reasons set forth above, the Court rejects Petitioner's objections to the R&R's conclusion that the Final Award should be enforced, the Court need not address Respondents' objections, which contain alternative arguments in support of denying Petitioner's motion to vacate and granting Respondents' motion to confirm.

IT IS FURTHER ORDERED that, in accordance with the recommendation set forth in the R&R, Respondents' request for attorney's fees, costs, and expenses is GRANTED.

IT IS FURTHER ORDERED that, within 7 days, the parties shall meet and confer, and Respondents shall prepare and file a proposed Judgment for entry by the Court. Any disputes regarding the proposed Judgment shall be concisely set forth in a cover letter accompanying the proposed Judgment.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE